UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TENNIS L.S., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 20-CV-0399-CVE-SH ) |
| KILOLO KAJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is the Report and Recommendation (Dkt. # 20) recommending that the Court affirm the denial of disability benefits to plaintiff. Plaintiff has filed an objection (Dkt. # 21) to the Report and Recommendation, and she asks the Court to reverse the Commissioner's decision and remand the case for further administrative proceedings. Plaintiff argues that the administrative law judge (ALJ) failed to give sufficient weight to the findings of an examining physician concerning limitations with plaintiff's left hand and arm, and she claims that the ALJ failed to properly assess plaintiff's consistency or credibility. Defendant responds the ALJ properly determined that plaintiff's complaints about her left hand and arm were not supported by a medically determinable impairment, and the ALJ's assessment of plaintiff's subjective complaints was supported by substantial evidence. Dkt. # 23.

**I.**

On July 23, 2018, plaintiff filed an application for disability benefits alleging a date of onset of disability of January 1, 2016. Dkt. # 10, at 77-78. Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an ALJ. On November 8, 2019, plaintiff

appeared at a hearing before the ALJ and she was represented by counsel at the hearing. The ALJ noted the findings of a consultative examination that plaintiff had numbness in her left hand and a limited range of motion in her left shoulder, but he found no medical evidence in the record tending to substantiate these findings. Dkt. # 10, at 44-45. Plaintiff admitted that she had sought medical treatment for other conditions, and she could not offer an explanation for her failure to raise her complaints about pain or numbness in her left shoulder and hand to her treating physicians. Id. at 45. Plaintiff's primary health problem was liver disease caused by Hepatitis C, and plaintiff stated that she received minimal medical treatment due to a lack of health insurance. Id. at 46, 50. Plaintiff stated that she had stage four cirrhosis of the liver, but she claimed that she could not get on a transplant list without additional medical visits that she was unable to afford. Id. at 51. Diabetes and obesity are also contributing factors to plaintiff's medical conditions, and plaintiff also suffers from insomnia, depression, and anxiety. Id. at 53. Plaintiff testified that she had neuropathy in her hands and feet associated with her diabetes that made it difficult to walk for any extended period of time, but the ALJ noted that the medical records showed that physical exams of plaintiff's extremities were normal. Id. at 55-58. Plaintiff also testified that she was having neurological problems, such as memory loss, but she was not aware of any diagnosis to explain her neurological problems. Id. at 62. Plaintiff stated that she had difficulty performing household tasks such as cooking and cleaning due to tremors in her hand, and she claimed that she was no longer able to write. Id. at 64-66.

      The ALJ entered a written decision denying plaintiff's claim for disability benefits. The ALJ found that plaintiff had the severe impairments of chronic viral Hepatitis C, chronic liver disease and cirrhosis of the liver secondary to Hepatitis C, obesity, diabetes mellitus type II, insomnia, anxiety,

and depression. Dkt. # 10, at 18. However, the ALJ explained that he did not find any limitations associated with plaintiff's complaints of left shoulder and hand numbness, because there was no objective medical evidence supporting such limitations. Id. at 19. The ALJ determined that plaintiff did not have an impairment or combination of impairments at step three that met or exceeded any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. In making this determination, the ALJ expressly considered mental limitations referenced by plaintiff in her testimony and found that she had moderate limitations as to concentrating, persisting, or maintaining pace and interacting with others. Id. at 20. However, the ALJ found that plaintiff's alleged mental impairments did not prevent her from caring for herself or her disabled son. Id. The ALJ considered the evidence and found that plaintiff had the residual functional capacity (RFC) to

> perform sedentary work as defined in 20 CFR 416.967(a) except no climbing of ladders, ropes, or scaffolds. Stooping, crouching, crawling, kneeling, balancing, and climbing ramps or stairs can be done occasionally. Due to mental impairments, the claimant can understand, remember, and carryout [sic] simple or intermediate level instructions, and perform simple and some tasks of intermediate level difficulty under routine supervision, such that she is capable of doing simple or semi-skilled work. The claimant can relate to supervisors and coworkers on a superficial and work related basis and can adapt to a work situation. Only occasional contact with the general public.

Id. at 20-21. The ALJ noted plaintiff's subjective complaints of disabling pain and severe functional impairments, but found that her activities of daily living and her medical history were inconsistent with plaintiff's subjective complaints. Id. at 22-23. The ALJ's written decision includes a thorough review of plaintiff's treatment history, including the consultative examination conducted by Nick Carroll, D.O., in which he noted pain and numbness in plaintiff's left arm and shoulder, and the ALJ noted Dr. Carroll's suggestion that plaintiff had an impingement in her left shoulder that caused pain and limited her range of motion. Id. at 24. The ALJ did not find that Dr. Carroll's opinion

3

concerning limitations on plaintiff's use of her left hand and arm were persuasive, because the findings were based on a single examination with no testing or diagnostic support and Dr. Carroll's findings were not consistent with other medical evidence. Id. at 25. At step five of the analysis, the ALJ found that the Commissioner met his burden to establish that there were sufficient jobs available in the national economy that plaintiff could perform, and the ALJ ruled that plaintiff was not disabled. Id. at 26-27.

Plaintiff asked the Appeals Council to review the ALJ's decision, but the Appeals Council found no basis to review the denial of plaintiff's claim for disability benefits. Id. at 5. Plaintiff filed this case seeking judicial review of the denial of her claim for disability benefits, and the matter was referred to a magistrate judge for a report and recommendation. The magistrate judge recommended that the Commissioner's decision be affirmed, and plaintiff has filed a timely objection (Dkt. # 21) to the report and recommendation.

## II.

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." The Court's task of reviewing the Commissioner's decision involves determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. "It is 'more than a scintilla, but less than a preponderance.'" Newbold v. Colvin, 718 F.3d 1257, 1262 (10th Cir. 2013) (quoting Lax v. Astrue,

489 F.3d 1080, 1084 (10th Cir. 2007)). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Martinez v. Barnhart, 444 F.3d 1201, 1204 (10th Cir. 2006) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)).

A party's right to de novo review is subject to the Tenth Circuit's "firm-waiver rule," which provides that "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." United States v. 2121 E. 30th St., 73 F.3d 1057, 1059-60 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." Id. at 1060. The Tenth Circuit has applied the firm-waiver rule when the plaintiff's objection to the report and recommendation merely asserted a series of errors without explaining why the magistrate's reasoning was erroneous. See Zumwalt v. Astrue, 220 F. App'x 770, 777-78 (10th Cir. 2007).[1]

### III.

Plaintiff argues that the ALJ failed to include limitations in the RFC related to plaintiff's left hand and shoulder, and the ALJ's rejection of Dr. Carroll's opinion that plaintiff had such limitations is not supported by substantial evidence. Dkt. # 21, at 3-4. Plaintiff also argues that the ALJ failed to properly assess her consistency or credibility as to the severity of her subjective complaints. Id. at 5-10

The Commissioner uses a five-step, sequential process to determine whether a claimant is disabled and therefore entitled to benefits. See 20 C.F.R. § 404.1520(a)(4). "The claimant bears the

---

[1] This and other cited unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

5

burden of establishing a prima facie case of disability at steps one through four." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting Hackett v. Barnhart, 395 F.3d 1168, 1171 (10th Cir. 2005)). "Step one requires the claimant to demonstrate 'that he is not presently engaged in substantial gainful activity.'" Id. (quoting Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir.2005)). "At step two, the claimant must show 'that he has a medically severe impairment or combination of impairments.'" Id. (quoting Grogan, 399 F.3d at 1261). "At step three, if a claimant can show that the impairment is equivalent to a listed impairment, he is presumed to be disabled and entitled to benefits." Id. (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir.1988)). "If a claimant cannot meet a listing at step three, he continues to step four, which requires the claimant to show 'that the impairment or combination of impairments prevents him from performing his past work.'" Id. (quoting Grogan, 399 F.3d at 1261). If the claimant meets this burden, the analysis continues to step five, where the burden of proof shifts to the Commissioner to show that the claimant retains sufficient residual functional capacity (RFC) to perform work in the national economy, given the claimant's age, education, and work experience. Id. (citing Hackett, 395 F.3d at 1171).

In reviewing the ALJ's decision, the Court may not reweigh the evidence or substitute its judgment for that of the ALJ; the Court's task is to review the record to determine whether the ALJ applied the correct legal standard and if her decision is supported by substantial evidence. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there

is a mere scintilla of evidence supporting it." Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir.1988). The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

**Dr. Carroll's Opinions**

Plaintiff argues that the ALJ failed to give sufficient weight to Dr. Carroll's opinion that plaintiff had additional physical limitations related to her left hand and arm. Social Security regulations do not require an ALJ to "defer or give any specific evidentiary weight" to medical opinions or prior administrative medical findings but, instead, the ALJ must consider the following factors to assess the weight to be given to a medical opinion: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors tending to support or contradict the medical opinion. 20 C.F.R. § 416.920c(c). The factors to be given the most weight in the ALJ's analysis are the supportability of the medical opinion with reference to objective medical evidence and the consistency of the medical opinion with other medical evidence in the record. 20 C.F.R. § 416.920c(b)(2). The ALJ must discuss these two factors in his written decision, but the other factors do not need to expressly considered. Id.

Dr. Carroll conducted a consultative examination of plaintiff, and plaintiff stated that she was unable to obtain treatment for Hepatitis C and cirrhosis of the liver due to lack of medical insurance. Dkt. # 10, at 349. She reported pain and numbness in her left arm that radiates up her arm, and the pain was so severe that she was sometimes unable to move her left arm. Id. Dr. Carroll also diagnosed plaintiff with stocking/glove neuralgias that was possibly related to Hepatitis C or diabetes. Id. Dr. Carroll suggested that a "shoulder impingement" could be the cause of pain or numbness in plaintiff's left arm and hand, but he noted that further testing would be required to

confirm this diagnosis. Id. at 250. The ALJ found that Dr. Carroll's opinion concerning plaintiff's left arm and hand numbness was not persuasive, because the opinion was based on a single examination and was not consistent with the opinions of plaintiff's treating physicians. Id. at 25. Plaintiff had not previously complained of numbness or pain in her left hand or arm, and the state agency examiner found that there was no medically determinable impairment that could explain plaintiff's complaints of pain or numbness in her left arm. Id. at 85. Even if the state examiner had found a medically determinable impairment, she noted that this would not have caused any functional limitation sufficient to "change the rating to an allowance." Id. This finding was confirmed by a second state agency physician. Id. at 97.

The ALJ's decision to reject Dr. Carroll's medical opinion concerning any limitations caused by numbness or pain in plaintiff's left arm is supported by substantial evidence, and the ALJ made sufficient findings concerning supportability and consistency to satisfy § 416.920c(b). The "supportability" factor requires the ALJ to consider whether a medical opinion or prior administrative finding is supported by objective medical evidence. 20 C.F.R. § 416.920c(c)(1). The ALJ reviewed Dr. Carroll's findings in his written decision and noted plaintiff's complaints of left arm and hand pain and numbness. Id. at 25. However, the ALJ found that Dr. Carroll's opinion was based on a single examination with no testing to support his opinion, and plaintiff's complaints of left hand and arm numbness were not supported by any additional testing or objective medical evidence. Id. As to consistency, a medical opinion will be considered as more persuasive if it is consistent with "other medical sources and nonmedical sources." 20 C.F.R. § 416.920c(c)(2). The ALJ correctly noted that there was no other medical evidence in the record tending to support the existence of an impairment or condition that could cause plaintiff's alleged hand and arm numbness.

8

The Court also notes the conditional nature of Dr. Carroll's opinions, and he specifically stated that further testing would be required to confirm whether there was a medical impairment causing plaintiff's left hand and shoulder discomfort. Id. at 249. Plaintiff argues that Dr. Carroll's examination provided more information about plaintiff's musculoskeletal limitations than any other evidence in the record, and the ALJ should have discounted the findings of the state agency examiners. Dkt. # 21, at 3. She also argues that the ALJ unfairly considered the lack of prior complaints about arm and hand numbness, because the record clearly established that plaintiff was unable to afford regular medical care. Id. at 4-5. Plaintiff's complaints with the ALJ's findings are merely disagreements about the weight that she believes should have assigned to certain evidence, but she has not shown that the ALJ's findings as to Dr. Carroll's opinions are deficient. The ALJ made the necessary findings concerning the supportability and consistency of Dr. Carroll's opinion concerning plaintiff's left hand and arm numbness, and these findings are supported by substantial evidence. The Court finds no basis to remand the case for further consideration of this issue.

**ALJ's Consistency/Credibility Findings**

Plaintiff argues that the ALJ failed to conduct a proper consistency or credibility analysis. Dkt. # 21, at 5-10. In evaluating a claimant's symptoms, the ALJ must determine whether the claimant's statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record. SSR 16-3p, 2016 WL 1119029, at *7 (Mar. 28, 2016). If they are consistent, then the ALJ "will determine that the individual's symptoms are more likely to reduce his or her capacities to perform work-related activities." Id. If they are inconsistent, then the ALJ "will determine that the individual's symptoms

9

are less likely to reduce his or her capacities to perform work-related activities." Id. Factors the ALJ should consider include the claimant's attempts to find relief and willingness to try any treatment prescribed; a claimant's regular contact with a doctor; the possibility that psychological disorders combine with physical problems; the claimant's daily activities; and the dosage, effectiveness, and side effects of the claimant's medication. Keyes-Zachary v. Astrue, 695 F.3d 1156, 1167 (10th Cir. 2012); see also SSR 16-3p at *7 (listing similar factors); 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).[2]

Consistency findings are "peculiarly the province of the finder of fact;" accordingly, courts should "not upset such determinations when supported by substantial evidence." Cowan v. Astrue, 552 F.3d 1182, 1190 (10th Cir. 2008) (quoting Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995)). The ALJ "need not make a formalistic factor-by-factor recitation of the evidence," so long as he sets forth the specific evidence he relies on to support his consistency findings. Keyes-Zachary, 695 F.3d at 1167 (quotations omitted). "[C]ommon sense, not technical perfection, is [the reviewing court's] guide." Id.

Plaintiff argues that the ALJ unreasonably discounted the severity of plaintiff's medical conditions and physical limitations due to a perceived lack of medical treatment, even though the ALJ was aware that plaintiff lacks medical insurance. Dkt. # 21, at 6-7. Plaintiff generally argues that the ALJ's findings concerning plaintiff's mental limitations are inadequate, and the ALJ should

---

[2] The Commissioner previously called this a "credibility" analysis rather than a "consistency" analysis. See SSR 16-3p (superseding SSR 96-7p). In practice, however, there is little substantive difference between the two. See Brownrigg v. Berryhill, 688 F. App'x 542, 545-46 (10th Cir. 2017) (finding that SSR 16-3p was consistent with prior approach taken by Tenth Circuit). Therefore, Tenth Circuit decisions regarding credibility analyses remain persuasive when making a consistency determination.

10

have further developed the record as to plaintiff's mental conditions due to a lack of evidence in the record. Id. at 9.

The ALJ does reference plaintiff's failure to obtain medical treatment as a factor in finding that plaintiff subjectively overstates the severity of her symptoms, but there is nothing in the ALJ's written decision suggesting that the ALJ penalized plaintiff for being unable to afford medical care. Instead, the ALJ thoroughly summarized plaintiff's treatment history and he generally stated that plaintiff's treatment history "is not indicative of someone with her alleged level of pain and limitation from impairment." Id. at 23. Even though plaintiff lacked medical insurance, she continued to receive medical care through 2019 and she did not complain of symptoms of similar severity as in her testimony before the ALJ. Plaintiff claims that the ALJ rejected her subjective complaints of more severe symptoms, because the ALJ assumed that she did not need emergency treatment due to a lack of evidence of emergency treatment. Dkt. # 21, at 6. Plaintiff faults the ALJ for not giving more weight to her lack of health insurance, and she asserts that the ALJ should conducted a more thorough inquiry into whether she failed to seek emergency care due to an inability to pay. Id. Plaintiff is correct that there are situations when an ALJ is required to make such an inquiry, but this is not such a situation. The ALJ did not give less weight to plaintiff's subjective complaints solely because she did not regularly seek out medical treatment. Instead, the ALJ noted as a factor in assessing the consistency of plaintiff's testimony that "claimant's treatment . . . is not indicative of someone with her alleged level of pain and limitation from impairment," and this finding is well supported by the administrative record.

Plaintiff argues that the ALJ improperly discounted plaintiff's testimony concerning her mental limitations based on a mistaken belief that plaintiff did not need or seek mental health treatment. Dkt. # 21, at 9. At step four, the ALJ mentioned that plaintiff had no history of mental health treatment, but the ALJ did not disregard plaintiff's mental limitations in his written decision. Dkt. # 10, at 26. The ALJ considered plaintiff's mental impairments at step three of the analysis, and found that plaintiff had moderate limitations in interacting with others and concentration, persistence, or pace. Id. at 19-20. The ALJ also assessed mild limitations for adapting or managing for oneself and for understanding, remembering , or applying information. Id. The Tenth Circuit has held that an ALJ may account for moderate limitations as to concentration, persistence, or pace or ability to understand instructions from step three by including limitations for simple work or instructions at step four. Smith v. Colvin, 821 F.3d 1264, 1269 (10th Cir. 2016). In this case, the ALJ specifically limited plaintiff to "simple and some tasks of intermediate level difficulty," and he also included limitations for "simple or semi-skilled work" in the RFC. These limitations adequately account for the mental limitations that were reasonably supported by the evidence in the administrative record, and the Court does not find that the ALJ disregarded plaintiff's subjective complaints concerning her mental limitations.

Plaintiff argues that the ALJ had an obligation to develop the record as to her mental limitations. Dkt. # 21, at 9. "The claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists." Flaherty v. Astrue, 515 F.3d 1067, 1071 (10th Cir. 2007). Thereafter, "the ALJ has a duty to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.'" Wall v. Astrue, 561 F.3d 1048, 1063 (10th Cir. 2009) (quoting Flaherty, 515 F.3d at 1071). "The duty to

develop the record is limited to 'fully and fairly develop[ing] the record as to material issues.'" Hawkins v. Chater, 113 F.3d 1162, 1168 (10th Cir. 1997) (quoting Baca v. Department of Health & Human Servs., 5 F.3d 476, 479–80 (10th Cir. 1993)). The Court notes that this issue was not raised before the magistrate judge and plaintiff's argument that the ALJ failed to properly develop the record is waived. Even if the argument had been preserved, plaintiff does not identify any limitations that would likely have been supported by additional mental testing, and she has not shown that the failure to more fully develop the record had any impact on the ALJ's ruling. The Court finds that the ALJ's consistency findings are supported by substantial evidence.[3]

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 20) is **accepted**, and the Commissioner's decision denying plaintiff's claim for disability benefits is **affirmed**. A separate judgment is entered herewith.

**DATED** this 11th day of March, 2022.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff also argues that the ALJ should have included additional limitations in the RFC and this resulted in an "erroneous step five denial." Dkt. # 21, at 10. All of the additional limitations have already been considered as part of plaintiff's other arguments, and the Court find no basis to separately address plaintiff's conclusory challenge to the ALJ's step five findings.